UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

BENJAMIN WILLIAM FAWLEY,

    Petitioner,

v.                                         Case No.: 2:12-cv-400

HAROLD W. CLARKE, Director, Virginia
Department of Corrections,

    Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Benjamin William Fawley's ("Fawley"), *pro se*, Petition for a Writ of *Habeas Corpus* filed pursuant to 28 U.S.C. § 2254. The Petition was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), and Local Civil Rule 72. For the following reasons, the Court RECOMMENDS the Respondent's Motion to Dismiss be GRANTED and Fawley's Petition be DENIED.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On August 9, 2006, after entering an *Alford* plea, Fawley was convicted of second-degree murder in the Mathews County Circuit Court and sentenced to an active term of thirty years in prison. The Circuit Court entered an order to this effect on August 11, 2006. Fawley's conviction and sentence have since become final.[1] *See* VA. SUP. CT. R. 5A:6(a) ("No appeal [to the Court of Appeals of Virginia] shall be allowed unless, within 30 days after entry of final

---

[1] Fawley claims he appealed his conviction and sentence to the Court of Appeals of Virginia, which was allegedly "heard on" September 18, 2006, and "dismissed [on that date] as 'typist' of document was not 'attorney of record.'" ECF No. 14 at 2. Supposedly, he was not informed of the dismissal until December 2008, over two years later. *Id.* When, or if, Fawley directly appealed his conviction and sentence has no effect on the Court's analysis.

judgment ... counsel files with the clerk of the trial court a notice of appeal, and at the same time mails or delivers a copy of such notice to all opposing counsel.").

Fawley filed his first *habeas* petition in the Supreme Court of Virginia in which he claimed his counsel was ineffective, his plea was not voluntarily and intelligently made, the indictment was "duplicitous and obscure," and the prosecution made an inaccurate proffer of facts. ECF No. 25, attach. 2. On January 14, 2009, the Supreme Court dismissed the petition on the merits. Fawley then filed his second and third *habeas* petitions in the Mathews County Circuit Court, again claiming his counsel was ineffective and his plea was not voluntarily made. ECF No. 25, attachs. 3-4. The Circuit Court dismissed the petitions as successive and time barred on December 4, 2008, and October 9, 2009, respectively. Fawley appealed the latter dismissal to the Supreme Court of Virginia, which dismissed it on procedural grounds on March 18, 2010. ECF No. 25, attach. 5. He subsequently filed his first § 2254 petition in this Court on September 15, 2009, yet again claiming "(a) Ineffective assistance of counsel; (b) Invalid indictment; (c) Cruel and unusual punishment;[2] and (d) Invalid guilty plea." *Fawley v. Johnson*, No. 2:09cv452, 2010 WL 2483904, at *1 (E.D. Va. Apr. 13, 2010). On April 13, 2010, this Court denied the petition and dismissed with prejudice its claims as time barred. *Fawley v. Johnson*, No. 2:09cv452, 2010 WL 2483988 (E.D. Va. June 16, 2010). Although Fawley appealed, the United States Court of Appeals for the Fourth Circuit dismissed the appeal. *Fawley v. Johnson*, 395 F. App'x 63 (4th Cir. 2010) (unpublished *per curiam* opinion).

At last, this brings the Court to the instant § 2254 Petition, his second, which Fawley filed while he was in the custody of the Lea County Correctional Facility. In it, Fawley alleges:

    1. He was denied the effective assistance of counsel because the Court of

---

[2] This claim does not appear to have been raised in any prior filing.

2

> Appeals of Virginia did not inform him that his direct appeal was dismissed until December of 2008, and it did not inform his former counsel Chris Collins of the same until July 11, 2011.
> 2. The decision of the Supreme Court of Virginia denying his first state *habeas* petition was fraudulent and "contrary to facts [and] evidence" because the Court was unaware of the dismissal of the petitioner's direct "appeal" by the Court of Appeals of Virginia.
> 3. The "Court or Commonwealth's Attorney" failed to notify the petitioner or his former counsel of the dismissal of his "appeal" until December of 2008.
> 4. He was denied the due process of law, equal protection of the law and the right to counsel as a result the alleged failure of the Court of Appeals of Virginia to advise him that his direct "appeal" had been dismissed until December of 2008.... [He] further states "judicial misconduct," "prosecutorial misconduct," and "void judgment" in his first state and federal *habeas* petitions.

ECF No. 25, ¶ 10 (footnote omitted). The Commonwealth of Virginia ("Commonwealth"), on behalf of the Respondent, filed a Motion to Dismiss, Rule 5 Answer, brief in support, and *Roseboro* notice on December 6, 2012. Fawley filed a brief in opposition on January 10, 2013. Although the Commonwealth has not filed a reply brief, its time to do so has lapsed. Its Motion to Dismiss is, therefore, ripe for disposition.

## II. ANALYSIS

Because Fawley challenges the same conviction and sentence that he challenged in his first § 2254 Petition, the instant § 2254 Petition is governed by the successive petition provisions of 28 U.S.C. § 2244(b)(2), which provides:

> A claim presented in a second or successive *habeas* corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B)
>     (i) the factual predicate for the claim could not have been discovered previously though the exercise of due diligence; and

3

> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, *no reasonable factfinder would have found the applicant guilty of the underlying offense.*

28 U.S.C. § 2244(b)(2) (emphasis added). Section 2244(b)(2)(A) is inapplicable here because Fawley's claims do not rest on a new rule of constitutional law; rather, his claims are based entirely on the Court of Appeals of Virginia's allegedly late disclosure that his direct appeal had been dismissed. Accordingly, an analysis under § 2244(b)(2)(B) is more appropriate here.

First, Fawley must show the factual predicate for his claims could not have been diligently discovered before filing his first § 2254 petition. This he cannot do. Fawley claims the Court of Appeals did not inform him of the dismissal of his direct appeal until December 2008. ECF No. 14 at 2 ("Court did not notify me of 18 Sep. 2006 decision until Dec. 2008.").[3] He did not file his first § 2254 petition until September 15, 2009, approximately nine months later. So if Fawley believed the claims presented in the instant Petition deserved to be reviewed by this Court, then he could, and should have, presented them in the earlier petition. He did not, and, therefore, he cannot argue that the factual predicate for his claims could not have been diligently discovered before filing his first § 2254 petition.

Assuming, arguendo, Fawley is able to satisfy the first prong of § 2244(b)(2)(B), he cannot satisfy the second prong. His claims concern the time in which the Court of Appeals allegedly notified him of the dismissal of his direct appeal. Even if this Court proceeds on the argument that this constitutes an improper act by the Court of Appeals, the procedure by which a Virginia appellate court disposes of an appeal and notifies the appellant of its decision does not,

---

[3] Although Fawley also claims he was not notified of the dismissal of his direct appeal until October 15, 2008, ECF No. 20 at 2 ("Though actual date of notice was 15 Oct. 2008, and not Dec. 2008"), this discrepancy does not affect this Court's analysis.

and cannot, substantively "establish by clear and convincing evidence that ... *no reasonable factfinder would have found the applicant guilty of the underlying offense.*" 28 U.S.C. § 2244(b)(2)(ii) (emphasis added). Simply put, Fawley's claims do not attack or make uncertain the validity of his underlying conviction of second-degree murder, an offense to which he pleaded guilty. Accordingly, 28 U.S.C. § 2244(b) requires the instant § 2254 Petition be dismissed absent evidence by Fawley that he has obtained an order from the Fourth Circuit authorizing this Court to consider his Petition. *See* 28 U.S.C. § 2244(b)(3); *Evans v. Smith*, 220 F.3d 306, 325 (4th Cir. 2000). He has not done so, and, therefore, this Court lacks jurisdiction. *Gilliam v. Cartledge*, No. 4:12-2914-RBH-TER, 2012 WL 6803684, at *2 (D. S.C. Dec. 19, 2012) ("Because Petitioner did not obtain authorization from the Fourth Circuit ... to file this Petition, this court does not have jurisdiction to consider it and it is subject to summary dismissal.") (citations omitted).

### III. RECOMMENDATION

For the preceding reasons, the Court RECOMMENDS the Commonwealth's Motion to Dismiss, ECF No. 23, be GRANTED and Fawley's Petition for a Writ of *Habeas Corpus*, ECF Nos. 1, 14, be DENIED. The Court also DECLINES to revisit the statute of limitations argument, which has already been disposed of in *Fawley v. Johnson*, No. 2:09cv452, 2010 WL 2483904 (E.D. Va. Apr. 13, 2010).

### IV. DISPOSITION OF PETITIONER'S OUTSTANDING MOTIONS AND OBJECTIONS

Because the Court recommends Fawley's Petition be denied as successive, the Court also DENIES his motions for discovery, ECF Nos. 4-5, 12, "Motion to Request Issuance of *Subpoena*," ECF No. 16, "Motion in Support of His Claims," ECF No. 18, "Motion in Support

5

of His Claim," ECF No. 28, and "Motion in Support of Timeliness of His Petition Filed,"[4] ECF No. 33, "Motion to Submit Document of Belated Appeal," ECF No. 17, and "Motion to Correct a Clerical Error," ECF No. 20, the contents of which the Court considered in arriving at its recommendation.[5]

Fawley also objected to the Court's November 9, 2012, Order, claiming the procedural requirements the Court has imposed on him "place[s] him at an extreme disadvantage" and "make[s] meeting these requirements in a timely manor [sic] impossible." ECF Nos. 21-22. To the extent Fawley raises objections that are legally cognizable, the Court AFFIRMS its prior Order because based on the number of filings Fawley has made, it does not appear he is being denied access to the Court or has been placed at a disadvantage.

## V. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Fawley is notified that:

1. Any party may serve on the other party and file with the Clerk of the Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is mailed to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a) plus three days permitted by Federal Rule of Civil Procedure Rule 6(d). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of

---

[4] The Court construes these three pleadings not as Motions but rather as briefs in support of Fawley's Petition, and the Court has considered them as well as two other briefs in support, ECF Nos. 15, 34, accordingly.

[5] The Commonwealth has not responded to any of these Motions, and, with the exception of ECF No. 33, the time to do has lapsed. Therefore, they are ripe for disposition. The Court will also dispose of ECF No. 33 because, as previously stated, it construes this pleading not as a Motion but rather as a brief in support of Fawley's Petition.

this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is DIRECTED to forward a copy of this Report and Recommendation to the Petitioner and counsel of record for the Respondent.

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
February 21, 2013

## CLERK'S MAILING CERTIFICATE

A copy of this Report and Recommendation was mailed on this date to the following:

Benjamin William Fawley, #361745/69718
Lea County Correctional Facility
6900 West Millen Drive
Hobbs, New Mexico 88244
*Pro Se*

David Michael Uberman
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219
Counsel for the Respondent

                                              Fernando Galindo
                                              Clerk of the Court

By:
      Deputy Clerk
      February ___, 2013